UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITRIN SAFEGUARD INSURANCE
COMPANY                                                    Civil Action No.:

                     Plaintiff,

         -against-                                        **COMPLAINT**
                                                **WITH JURY DEMAND**

RENEE BARROW, RENEE BARROW
INSURANCE INC., WORLDWIDE INSURANCE
NETWORK, INC., and MUELLER SERVICES, INC.,

_____Defendants._____

       Plaintiff, Unitrin Safeguard Insurance Company ("Unitrin"), by and through its attorneys,

Zelle LLP, upon information and belief, hereby alleges the following:

## THE PARTIES

       1.     At all relevant times, Unitrin was an insurance company and a resident of

Wisconsin, with a principal place of business in Jacksonville, Florida.

       2.     At all relevant times, Unitrin was engaged in the business of, *inter alia*, providing

property insurance coverage.

       3.     At all relevant times, Defendant Mueller Services, Inc. (hereinafter "Mueller"),

was a business corporation and a resident of New York, with a principal place of business

located at 63 Main Street, Tonawanda, New York, 14150.

       4.     At all relevant times, Defendant Mueller was engaged in the business of, *inter*

*alia*, real estate reporting and risk assessment.

       5.     Upon information and belief, at all relevant times, Defendant Renee Barrow

(hereinafter "Barrow"), was an individual domiciled in Arkansas.

1

6.      Renee Barrow Insurance Inc. ("Barrow Insurance") is an Arkansas business owned and operated by Renee Barrow.

7.      At all relevant times, Defendant Worldwide Insurance Network, Inc. (hereinafter "Worldwide"), was a business corporation and a resident of North Carolina, with a principal place of business located at 4121 Beechwood Drive, Greensboro, North Carolina, 27410.

8.      At all relevant times, Defendant Worldwide was engaged in the business of, *inter alia*, acting as an insurance agency network.

## JURISDICTION & VENUE

9.      This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1332.

10.     For the purposes of diversity, Plaintiff, Unitrin is a citizen of Wisconsin and Florida.

11.     In contrast, Defendant, Mueller is a citizen of New York.

12.     Defendant, Barrow is a citizen of Arkansas.

13.     Defendant, Barrow Insurance is a citizen of Arkansas.

14.     Defendant, Worldwide is a citizen of North Carolina for jurisdictional purposes.

15.     There is, therefore, complete diversity between the parties.

16.     Venue is proper under the Governing Law provision identified in the contract between Mueller and Unitrin (the "Mueller Agreement").[1]

17.     This Court has personal jurisdiction over Mueller in that it: transacts business in the State of New York; regularly does or solicits business or engages in any other course of persistent conduct in New York; and/or under the Governing Law provision identified in the

---

[1] The Mueller Services Agreement is attached as **Exhibit A**.

Mueller Agreement.[2] The Court has subject matter jurisdiction over this lawsuit on diversity grounds, under 28 U.S.C.§ 1332, because complete diversity of citizenship exists between Plaintiff and Defendants, and because there is more than $75,000 in controversy, exclusive of interests and costs.

18.     The Court further has jurisdiction over the claims against Barrow and Worldwide, under 28 U.S.C.§ 1367(a), because they arise out of the same case or controversy. Further, Unitrin conducts business with Worldwide throughout the United States.

## FACTUAL ALLEGATIONS

19.     This matter involves a dispute under a property insurance policy. Policy No. 1069133902 (the "Policy") was issued by Unitrin to Wayman Covey (the "Insured") with effective dates of coverage from September 26, 2020 to September 26, 2021. The Policy provided coverage for the property located at 2105 Broken Trail, Van Buren, Arkansas 72956 (the "Property"), subject to the terms, limitations, exclusions, and conditions contained therein.

20.     Prior to issuing the Policy, Plaintiff entered into the Mueller Agreement with Mueller to perform residential site inspections on behalf of Plaintiff.[3]  The Mueller Agreement provided that Mueller field inspectors would visit properties on behalf of Plaintiff and complete an inspection to provide Plaintiff with updated information on the property.[4]

21.     In addition, prior to issuing the Policy, Plaintiff also entered into an agreement with Worldwide Insurance Network (the "Worldwide Agreement").[5] The Worldwide Agreement

---

[2] *Id.*

[3] The Mueller Services Agreement is attached as **Exhibit A**.

[4] *Id.*

[5] The Worldwide Insurance Network Agreement is attached as **Exhibit B**.

provided that Worldwide Insurance Network would solicit applications for policies and receive, bind, execute, service and transmit to Unitrin applications for policies.

22.     At all relevant times, Renee Barrow was an agent of the Worldwide Agreement and subject to its terms.

23.     The Worldwide Agreement required that it and Barrow comply with Unitrin's underwriting guidelines and refrain from binding policies which do not meet the underwriting guidelines.[6]

24.     On or about September 4, 2019, Barrow submitted a "Homeowner Application" on behalf of the Insured to obtain coverage for the Property.[7]

25.     On or about September 18, 2019, Mueller purportedly performed an inspection of the Property and submitted a report (the "Mueller Report") to Unitrin to document the Property specifications.[8]

26.     Based on the Homeowner Application and the Mueller Report, Unitrin issued the Policy to the Insured.

27.     On or about December 21, 2020, a 32' x 40' metal shop located on the Property suffered from a fire loss. The Insured notified Unitrin of the claim for the fire loss on December 22, 2020 (the "Claim").

28.     Unitrin promptly began an investigation of the Claim. On December 28, 2020, Unitrin performed its initial inspection of the Property with Barrow.

---

[6] *Id.*

[7] The Homeowner Application is attached as **Exhibit C**.

[8] The Mueller Report is attached as **Exhibit D**.

29.     During the inspection with Barrow, Unitrin learned of many errors and omissions present in the Homeowner Application and the Mueller Report.

30.     Specifically, the Property exceeded one acre of land and, in fact, covered over eighty (80) acres. Moreover, multiple structures were present on the property, including the 32' x 40' metal shop which burned as part of the claim and the Insured raised cattle on the Property.

31.     The Homeowner Application, compiled and submitted by Barrow conspicuously failed to include any of the information.

32.     In addition, the Mueller Report related to the wrong property and similarly misrepresented the correct acreage of the Property, the presence of other structures and animals at the Property, and the farming business being conducted from the Property.

33.     Had it possessed this information at the time of underwriting, Unitrin would not have insured the Property.

34.     Unitrin paid the Insured a total of Ninety-Eight Thousand and One Dollar and Six Cents ($98,001.06) pursuant to the terms and conditions of the Policy.

35.     Thereafter, Unitrin requested indemnification and/or reimbursement for its damages from Mueller and Barrow and/or their insurance carriers, which said Defendants and/or their insurance carriers have failed to provide.

**FIRST CAUSE OF ACTION**
(Negligence Against Defendants Mueller, Barrow, and Worldwide)

36.     Unitrin adopts the allegations of paragraphs 1 through 35 of the Complaint as if fully set forth herein. Defendants Mueller, Worldwide, Barrow, and Barrow Insurance each owed Unitrin a duty of reasonable care to provide accurate and material information to Unitrin for the purposes of underwriting.

37.     Mueller's duties, reinforced by way of the Mueller Agreement, including performing a proper inspection of the Property.

38.     Worldwide's duties, by and through Barrow and Barrow Insurance, reinforced by the Worldwide Agreement, included the duty to solicit, receive, bind, execute, service, and transmit applications for insurance to Unitrin which complied with Unitrin's underwriting guidelines, refrain from binding policies which did not comply with the underwriting guidelines, and provide all material information during underwriting.

39.     Defendant Mueller breached the above duties, including but not limited to performing a proper inspection of the Property, in accordance with the Mueller Agreement. In particular, Defendant Mueller inspected and reported upon the wrong property.

40.     Defendant Worldwide, by and through its agent Barrow and Barrow Insurance, breached all of the above duties, including but not limited to soliciting, binding, and executing an ineligible risk in violation of Unitrin's underwriting guidelines and providing incomplete and misleading information to Unitrin during underwriting.

41.     Had Mueller performed a proper inspection and/or had Worldwide, Barrow, and Barrow Insurance refrained from binding the Policy or submitting the application for the Property as it did not comply with Unitrin's underwriting guidelines, Unitrin would not have insured the Property, would not have underwritten the risks, and Unitrin would not have incurred damages.

42.     Defendant Mueller's negligence in performing a proper inspection of the Property proximately caused the damages sustained by Unitrin.

43.    Defendant Worldwide's negligence, by and through its agent Barrow and Barrow Insurance, in submitting the application for the Policy and binding the Policy proximately caused the damages sustained by Unitrin.

44.    As a direct and proximate result of Defendants Mueller, Barrow, Barrow Insurance, and Worldwide's negligent, careless and/or reckless acts and/or omissions, Unitrin incurred damages in the amount of Ninety-Eight Thousand and One Dollar and Six Cents ($98,001.06).

WHEREFORE, Unitrin demands judgment against Defendants Mueller, Barrow, and Worldwide, for Ninety-Eight Thousand and One Dollar and Six Cents ($98,001.06), together with interest, legal fees, costs and such other different relief as the Court deems proper.

## SECOND CAUSE OF ACTION
(Willful Misconduct or Negligence Against Defendant Mueller)

45.    Unitrin adopts the allegations of paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46.    Defendant Mueller knew or should have known that the improper inspection of the Property was going to result in damages to Unitrin.

47.    Defendant Mueller knew or should have known that reporting inaccurate information about the Property was going to result in damages to Unitrin.

48.    Defendant Mueller knew or should have known that any departure from ordinary care with respect to the inspection of the Property would result in damages to Unitrin.

49.    Defendant Mueller was required to conduct itself with ordinary care in accordance with the Mueller Agreement.

50.     Defendant Mueller's failure to perform its duties with respect to the inspection of the Property were in complete disregard for the rights of Unitrin.

51.     Despite all the knowledge held by Defendant Mueller, it failed to properly inspect the Property and provide an accurate report.

52.     In light of the above, Defendant Mueller's activities with respect to the inspection of the Property constitute unreasonable conduct, and amount to willful misconduct or negligence.

53.     Defendant Mueller's failure to abide by its required conduct and duty owed to Unitrin was, in and of itself, an significant departure from ordinary care.

54.     Defendant Mueller did not act out of mere mistake resulting from inexperience, excitement, confusion, thoughtlessness, inadvertence or simple inattention.

55.     To the contrary, Unitrin hired Mueller and relied on its report precisely because it held itself out to perform careful, detailed inspections without error.

56.     As a direct and proximate result of Defendant Mueller's willful misconduct or negligence, Unitrin incurred significant damages in the amount of Ninety-Eight Thousand and One Dollar and Six Cents ($98,001.06).

WHEREFORE, Unitrin demands judgment against Defendant Mueller, for Ninety-Eight Thousand and One Dollar and Six Cents ($98,001.06), together with interest, legal fees, costs, punitive damages and such other different relief as the Court deems proper.

### FOURTH CAUSE OF ACTION
(Breach of Contract Against Defendants Worldwide Barrow Insurance, and Barrow)

57.     Unitrin adopts the allegations of paragraphs 1 through 56 of the Complaint as if fully set forth herein.

58.     Defendant Barrow and Barrow Insurance submitted the Homeowner Application to Unitrin pursuant to a contractual relationship with Unitrin (i.e. the Worldwide Agreement).

59.     Pursuant to said contractual relationship, Defendant Worldwide, and its agent Barrow, owed various duties of care and performance to the Unitrin, including, but not limited to, soliciting, receiving, binding, executing, servicing, and transmitting applications for insurance to Unitrin which complied with Unitrin's underwriting guidelines and refraining from binding policies which did not comply with the underwriting guidelines, as outlined by the Worldwide Agreement.

60.     Defendant Worldwide's, by and through its agent Barrow, acts and/or omissions in failing to properly solicit, receive, bind, execute, service, and transmit applications for insurance to Unitrin which complied with Unitrin's underwriting guidelines and failure to refrain from binding policies which did not comply with the underwriting guidelines, as outlined by the Worldwide Agreement, was a breach of its duties and obligations under its contractual relationship.

61.     As a direct and foreseeable result of Defendant Worldwide's, by and through its agent Barrow, breach of its contractual relationship, Unitrin incurred significant damages in the amount of in the amount of Ninety-Eight Thousand and One Dollar and Six Cents ($98,001.06).

WHEREFORE, Unitrin demands judgment against Defendants Worldwide and Barrow, for the total amount of Unitrin's damages, in the amount of Ninety-Eight Thousand and One Dollar and Six Cents ($98,001.06), together with interest, legal fees, costs and such other relief as the Court deems proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Unitrin hereby demands a trial by jury of any issue triable of right by a jury.

Dated:  October 4, 2022
        New York, New York

                              Respectfully submitted,

                              ZELLE LLP

                              Alexander W. Cogbill, Esq.
                              Jennifer Gibbs, Esq. (pro hac vice forthcoming)
                              Amanda   Rodriguez,   Esq.   (pro   hac   vice
                              forthcoming)
                              45 Broadway, Suite 920
                              New York, New York 10006
                              (646) 876-4420
                              acogbill@zellelaw.com
                              jgibbs@zellelaw.com
                              arodriguez@zellelaw.com